# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

CHARLES NEWTON,

    Petitioner,

vs.

BRIAN WILLIAMS, *et al.*,

    Respondents.

_____/

2:17-cv-02038-APG-NJK

**ORDER**

This case is a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, by Charles Newton, a Nevada prisoner. On July 26, 2017, Newton filed an application to proceed *in forma pauperis* and a petition for writ of habeas corpus (ECF Nos. 1, 1-1).

The financial information submitted with Newton's application to proceed *in forma pauperis* indicates that he is unable to pay the filing fee for this action. Therefore, the *in forma pauperis* application will be granted, and he will not be required to pay the filing fee.

The Court has examined Newton's petition for a writ of habeas corpus, pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

Newton does not state a potentially meritorious habeas corpus claim, as he does not allege a violation of his federal constitutional rights.

Furthermore, Newton's petition is incomplete in several important respects. For example: he does not provide complete information about his direct appeal (if there was one, which appears doubtful) (page 1 of his petition); he does not provide complete information about the proceedings in his state habeas action in the state district court (page 1 of petition); he does not provide complete information about the proceedings on the appeal in his state habeas action, if there was one (page 1 of petition); he inaccurately states that this is his first federal habeas action (the Court takes judicial notice of the proceedings in Case Number 2:16-cv-03017-RFB-VCF in this Court) (page 2 of petition); he states that he has a proceeding pending in a lower state court, but does not provide complete information regarding the status of that matter (page 4 of petition); and he does not provide a copy of any written state-court decision regarding his case (*see* instruction on page 1 of petition).

A federal court may not grant habeas corpus relief on a claim not exhausted in state court. 28 U.S.C. § 2254(b). The exhaustion doctrine is based on the policy of federal-state comity, and is intended to allow state courts the initial opportunity to correct constitutional deprivations. *See Picard v. Conner*, 404 U.S. 270, 275 (1971). To exhaust a claim, a petitioner must fairly present the claim to the highest state court, and must give that court the opportunity to address and resolve it. *See Duncan v. Henry*, 513 U.S. 364, 365 (1995) (*per curiam*); *Keeney v. Tamayo-Reyes*, 504 U.S. 1, 10 (1992). A claim is fairly presented to the state's highest court if, before that court, the petitioner describes the operative facts and legal theory upon which the claim is based. *See Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam); *Picard*, 404 U.S. at 275; *Batchelor v. Cupp*, 693 F.2d 859, 862 (9th Cir. 1982).

In his prior habeas action in this Court, which was dismissed for Newton's failure to exhaust any claim in state court, Newton attached to his habeas petition a copy of court minutes from the state court action in which he was convicted (Case No. C-15-308535-1 in Nevada's Eighth Judicial District Court). There is no indication in those minutes that Newton appealed from either the judgment of conviction or the ruling on his state habeas petition.

Therefore, based upon the incomplete information provided in Newton's petition in this case, and the information in the record in Case Number 2:16-cv-03017-RFB-VCF, it plainly appears that Newton has not exhausted in state court any claim regarding the conviction he seeks to challenge. Therefore, this action will be dismissed without prejudice.

**IT IS THEREFORE ORDERED** that petitioner's application to proceed *in forma pauperis* (ECF No. 1) is **GRANTED**. The petitioner is not required to pay the filing fee for this action.

**IT IS FURTHER ORDERED** that the clerk of the court shall separately file the petition for writ of habeas corpus, which is currently attached to petitioner's application to proceed *in forma pauperis*, at ECF No. 1-1.

**IT IS FURTHER ORDERED** that this action is dismissed without prejudice. The petitioner is denied a certificate of appealability.

**IT IS FURTHER ORDERED** that the clerk of the court shall enter judgment accordingly.

**IT IS FURTHER ORDERED** that the clerk of the court shall add Adam Paul Laxalt, Attorney General of the State of Nevada, to the docket for this case, as counsel for respondents. The clerk of court shall serve respondents with a copy of the habeas corpus petition and a copy of this order. Respondents need take no action with respect to this case.

Dated: August 4, 2017.

_____
UNITED STATES DISTRICT JUDGE